UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL A. SCHEUERING,

                Plaintiff,

      v.

UNITED STATES OF AMERICA, HENRY
SLAUGHTER, JIM GRIMES, MAUREEN
GREEN, MAUREEN A. JUDGE, BILL R.
BANOWSKY, VANESSA FLEMING,
GERARD BOUCHER, ESTHER GONZALEZ,
REBECCA DETORO, and LAYNE CARVER,

                Defendants.

**ECF CASE**

No. 14 Civ. 932 (NSR) (PED)

# MEMORANDUM OF LAW IN SUPPORT OF
## THE FEDERAL DEFENDANTS' MOTION TO DISMISS

PREET BHARARA
United States Attorney for the
Southern District of New York
*Counsel for the Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone:  (212) 637-2793
Facsimile:  (212) 637-2717

*Of Counsel:*

MICHAEL J. BYARS
Assistant United States Attorney

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND .................................................................................................. 2

LEGAL STANDARDS ......................................................................................... 5

ARGUMENT ........................................................................................................ 6

   I.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
       PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS ......................... 6

     A.   The United States Has Not Waived Sovereign Immunity With Respect to
        Plaintiff's Claims .................................................................................... 6

     B.   The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the
        Individual Federal Defendants in their Official Capacities ......................... 9

  II.   PLAINTIFF'S CRIMINAL AND CONSTITUTIONAL TORT CAUSES OF
      ACTION AGAINST THE INDIVIDUAL FEDERAL DEFENDANTS FAIL
      TO STATE CLAIMS ON WHICH RELIEF MAY BE GRANTED ............................... 9

     A.   Plaintiff Cannot Bring Criminal Charges Against the Defendants ............................ 9

     B.   Plaintiff Fails to State Constitutional Tort Claims Against the Individual
        Federal Defendants ............................................................................... 10

     C.   Plaintiff Fails to State Claims Under Sections 1985 or 1986 against the
        Individual Federal Defendants ............................................................... 15

CONCLUSION ..................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

Page

*Adams v. Johnson,*
  355 F.3d 1179 (9th Cir. 2004) ............................................................................ 11

*Aetna Cas. & Sur. Co v. United States,*
  71 F.3d 475 (2d Cir. 1995) .................................................................................. 8

*Alaji Salahuddin v. Alaji,*
  232 F.3d 305 (2d Cir. 2000) ................................................................................ 10

*Anderson v. Creighton,*
  483 U.S. 635 (1987) ............................................................................................ 13

*Arar v. Ashcroft,*
  585 F.3d 559 (2d Cir. 2009) ................................................................................ 10

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009). .................................................................... 5, 6, 10, 12

*Barbera v. Smith,*
  836 F.2d 96 (2d Cir. 1987) .................................................................................. 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................ 6

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,*
  403 U.S. 388 (1971) ....................................................................................... 10-12

*Block v. North Dakota,*
  461 U.S. 273 (1983) ............................................................................................ 6

*Bush v. Lucas,*
  462 U.S. 367 (1983) ............................................................................................ 11

*Carlson v. Green,*
  446 U.S. 14 (1980) .............................................................................................. 10

*Celestine v. Mount Vernon Neighborhood Health Ctr.,*
  403 F.3d 76 (2d Cir. 2005) .................................................................................. 8

*Cerrone v. Brown,*
  246 F.3d 194 (2d Cir. 2001) ........................................................................... 14-15

*Chrysler Corp. v. Brown*,
  441 U.S. 281 (1979) ..................................................................................9

*Clavizzao v. United States*,
  706 F. Supp. 2d 343, 346 (S.D.N.Y. 2009) ......................................6, 12

*Conyers v. Rossides*,
  558 F.3d 137 (2d Cir. 2009) .....................................................................5

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ................................................................................14

*Davis v. Passman*,
  442 U.S. 228 (1979) ................................................................................10

*Davis v. Scherer*,
  468 U.S. 183 (1984) ................................................................................13

*Frasier v. Hegeman*,
  607 F. Supp. 318 (N.D.N.Y. 1985) .........................................................12

*Graham v. Henderson*,
  89 F.3d 75 (2d Cir. 1996) ........................................................................15

*Griffin v. Breckenridge*,
  403 U.S. 88 (1971) ..................................................................................15

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ....................................................................12, 13, 14

*Hope v. Pelzer*,
  536 U.S. 730 (2002) .................................................................................*14*

*Hudson Valley Black Press v. IRS*,
  409 F.3d 106 (2d Cir. 2005) ...............................................................8, 11

*Hunter v. Bryant*,
  502 U.S. 224 (1991) ................................................................................13

*Kennar v. Kelly*,
  No. 10cv2105-AJB(WVG), 2011 WL 2116997 (S.D. Cal. May 27, 2011) ...........................8

*Kingsley v. Bureau of Prisons*,
  937 F.2d 26  (2d Cir. 1994) ....................................................................10

*Lennon v. Miller*,
  66 F.3d 416 (2d Cir. 1995) ......................................................................15

*Loria v. Gorman*,
　306 F.3d 1271 (2d Cir. 2002) ...............................................................................12

*Martinez v. Simonetti*,
　202 F.3d 625 (2d Cir. 2000) ................................................................................12

*M.E.S., Inc. v. Snell*,
　712 F.3d 666 (2d Cir. 2013) ..................................................................................9

*Mitchell v. Forsyth*,
　472 U.S. 511 (1985) .............................................................................................13

*Morrison v. Nat'l Australia Bank Ltd.*,
　547 F.3d 167  (2d Cir. 2008) .................................................................................5

*Nike, Inc. v. Already, LLC*,
　663 F.3d 89 (2d Cir. 2011) ....................................................................................5

*Ostrer v. Aronwald*,
　567 F.2d 551 (2d Cir. 1977) ................................................................................12

*Pearson v. Callahan*,
　555 U.S. 223 (2009) .............................................................................................13

*Perry v. Wright*,
　No. 12 Civ. 0721 (CM), 2013 WL 950921 (S.D.N.Y. Mar. 8, 2013) .....................6

*Randell v. United States*,
　64 F.3d 101 (2d Cir. 1995) ....................................................................................7

*Robinson v. Overseas Military Sales Corp.*,
　21 F.3d 502 (2d Cir 1994) .....................................................................................9

*Ryder Energy Distrib. v. Merill Lynch Commodities, Inc.*,
　748 F.2d 774 (2d Cir. 1984) ..................................................................................5

*Salahuddin v. Jones*,
　992 F.2d 447 (2d Cir. 1993) ..................................................................................6

*Saucier v. Katz*,
　533 U.S. 194 (2001) ......................................................................................... 13-14

*Vidurek v. Miller*,
　No. 13 Civ. 4476 (VB), 2014 WL 901462 (S.D.N.Y. Feb. 27, 2014) .............5, 7, 9

*Vishevnik v. Supreme Court of New York*,
　No. 99 Civ. 3611 (RWS), 1999 WL 796180 (S.D.N.Y. Oct. 6, 1999) ..................12

*Walker v. Schult,*
   717 F.3d 119 (2d Cir. 2013) ........................................................................14

*Wilkie v. Robbins,*
   551 U.S. 537 (2007) ............................................................................... 10-11

*Wise v. Comm'r of Internal Revenue,*
   168 F. Supp. 2d 649 (S.D. Tex. 2001) ...........................................................8

*Wright v. Waterside Plaza LLC,*
   No. 07 Civ. 9303 (DC), 2008 WL 872281 (S.D.N.Y. Apr. 2, 2008)........................9

*Zahl v. Kosovsky,*
   No. 08 Civ. 8308 (LTS) (THK), 2011 WL 779784 (S.D.N.Y. Mar. 3, 2011) .................... 9-10

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,*
   215 F.3d 247 (2d Cir. 2000) ...........................................................................5

## STATUTES and REGULATIONS

15 U.S.C. § 1692 ..........................................................................................2

18 U.S.C. § 241 ...........................................................................................4

18 U.S.C. § 242 ........................................................................................3, 4

18 U.S.C. § 513 ...........................................................................................4

18 U.S.C. § 654 ...........................................................................................4

18 U.S.C. § 872 ........................................................................................3, 4

18 U.S.C. § 1001 .........................................................................................4

18 U.S.C. § 1341 .........................................................................................4

18 U.S.C. § 1584 .....................................................................................3, 4

26 U.S.C. § 7433(a) ..................................................................................7, 8

26 U.S.C. § 7433(d) ..................................................................................7, 8

28 U.S.C. § 2679(b)(1) .................................................................................9

28 U.S.C. § 2680(c) .....................................................................................8

42 U.S.C. § 1983 ...........................................................................3, 4, 6, 10-12

42 U.S.C. § 1985 ................................................................................3, 4, 15

42 U.S.C. § 1986 ..................................................................................................3, 4, 15

N.Y. Civ. Rights Law art. 2 § 3 ...................................................................................3, 4

N.Y. Civ. Rights Law art. 2 § 8 ...................................................................................3, 4

N.Y. Civ. Rights Law art. 2 § 11 .................................................................................3, 4

N.Y. Penal Law § 170.15 ................................................................................................4

N.Y. Penal Law § 170.25 ................................................................................................4

N.Y. Penal Law § 170.30 ................................................................................................4

N.Y. Penal Law § 170.35 ................................................................................................4

N.Y. U.C.C. art. 9 § 403 .................................................................................................4

N.Y. U.C.C. art. 9 § 402 .................................................................................................4

26 C.F.R. § 301.7433-1(d) ..............................................................................................7

The United States of America (the "Government"), and individual defendants Henry

Slaughter,[1] Jim Grimes, Maureen Green, Maureen A. Judge, Bill R. Banowsky, Esther Gonzalez,

Rebecca Detoro, and Layne Carver (the "Individual Federal Defendants" and, together with the

Government, the "Federal Defendants"), by their attorney, Preet Bharara, United States Attorney

for the Southern District of New York, respectfully submit this memorandum of law in support

of their motion to dismiss the amended complaint (the "complaint") of plaintiff Carl A.

Scheuering pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This is a typical tax protestor suit, where the complaint does not allege any specific

violation of either the Internal Revenue Code ("IRC") or Internal Revenue Service ("IRS")

regulations, but rather generally challenges the authority of the federal government to assess and

collect federal income taxes from the plaintiff.  Specifically, plaintiff's complaint asserts that the

Individual Federal Defendants violated various civil and criminal statutes by seeking to collect

federal taxes owed by plaintiff.  The complaint should be dismissed as to the Federal Defendants

for two reasons.  First, the Court lacks subject matter jurisdiction over claims relating to the

collection of taxes and over any claims against the Individual Federal Defendants in their official

capacities.  Second, plaintiff fails to state a claim on which relief may be granted because the

criminal claims he asserts cannot be brought by private citizens, and because his constitutional

tort claims are inappropriate within the taxation context and do not allege the Individual Federal

Defendants' involvement in any deprivation of constitutional rights.

---

[1] This Office represents defendant Slaughter, who does not appear to have been personally
served, in his official capacity only.

## BACKGROUND[2]

Plaintiff filed this action in New York State Supreme Court for the County of Orange on or about January 14, 2014.  The action was removed to this Court on February 13, 2014, and the United States of America was substituted as the defendant with respect to plaintiff's state law causes of action.  Plaintiff amended his complaint on March 19, 2014, naming Layne Carver as an additional defendant.

The complaint purports to assert six causes of action, which are described more fully below. The overarching theme of the complaint is that defendants purportedly have failed to justify their collection activities to plaintiff, thus infringing on his rights to property, "[l]ife, [l]iberty, and the [p]ursuit of [h]appiness." Compl. ¶¶ 6-8.  More specifically, the complaint asserts that the IRS is "a collection agency," "a corporation incorporated in the State of Delaware in 1933," "a corporation unlawfully acting under color of law as a government agency," and that IRS employees are "required to adhere to Title 15 USC § 1692," *i.e.*, the congressional findings and declaration of purpose for the Fair Debt Collection Practices Act. Compl. ¶¶ 15-18. The complaint further alleges, *inter alia*, that "[d]efendants have been nonresponsive to plaintiff's challenges to their assumed authority and procedures from and within [various tax collection–related correspondence with plaintiff]." *Id.* ¶ 41.  The nature of plaintiff's dispute with the IRS also is evident in an affidavit that plaintiff submitted with the complaint, in which he states, *inter alia*:

> For the past several grueling years in an honest attempt to understand how I am liable, as according to IRS officers/agents and others who are interfering with my life, I would ask the following questions:
>
> a.   What sections of the Internal Revenue Code require me to file a return?

---

[2] The Government assumes the truth of the assertions in the complaint for purposes of this motion only.

  b. What section or sections of the Internal Revenue Code makes me liable for an income tax?

Affidavit of Carl A. Scheuering in Support of Action at Law (the "Scheuering Affidavit")

(docket item 15) ¶ 2.

  Plaintiff's First and Second Causes of Action relate to defendants' official correspondence with plaintiff regarding his federal tax liability. The First Cause of Action alleges that Slaughter, an IRS Field Director, apparently erroneously presumed him to be a "statutory taxpayer" and sent him a letter of "intimidation" allegedly threatening that "Federal Courts have consistently ruled against [arguments similar to plaintiff's] and imposed significant fines for taking such frivolous positions," and that "[p]eople who violate the tax laws also may be subject to federal criminal prosecution and imprisonment." Compl. at ¶ 21. Plaintiff alleges that Slaughter was "in breach of duty by an IRS officer/agent" and violated his rights under New York law by unlawfully levying taxes, conducting unreasonable and unlawful search and seizure, and imposing disproportionate fines without reasonable cause. Compl. ¶ 24 (citing N.Y. Civ. Rights Law art. 2 §§ 3, 8, 11). Additionally, plaintiff alleges that Slaughter violated federal civil rights and criminal law. Compl. ¶ 25 (citing 42 U.S.C. §§ 1983 (deprivation of rights), 1985(3) (conspiracy to interfere with civil rights), 1986 (neglecting to prevent such wrongs despite having knowledge of their taking place and the power to do so), and 18 U.S.C. §§ 242 (deprivation of rights under color of law), 872 (extortion), and 1584 (sale into involuntary servitude)). Plaintiff seeks monetary damages for these purported violations. *Id.* at ¶ 26.

  The Second Cause of Action alleges that defendants Green, Slaughter, Grimes, Banowsky, and Carver purportedly "exceeded their jurisdiction" and "breached their duties as IRS officers/agents" by mailing plaintiff tax examination letters and notices of deficiency. Compl. ¶¶ 28-45. Plaintiff alleges that this conduct violated New York civil rights law, as well as

federal criminal law. *Id.* ¶¶ 45-46 (citing N.Y. Civ. Rights Law art. 2 §§ 3, 11; 18 U.S.C. §§ 241 (conspiracy to deprive Plaintiff of his rights), 242, 1341 (fraud), 1584; 42 U.S.C. §§ 1983, 1985, 1986). Plaintiff seeks monetary damages for these alleged violations. Compl. ¶ 47.

The Third, Fourth, and Fifth Causes of Action each allege that defendants' collection efforts constituted trespass on the case. These acts include filing a lien on plaintiff's property (Third Cause of Action), levying his wages (Fourth Cause of Action), and causing his employer to withhold income tax from his wages (Fifth Cause of Action). Plaintiff claims that these collection efforts were not based on a proper assessment of tax liability, purportedly because he "has not seen any documented evidence from a competent fact witness(s) with firsthand knowledge [of any] verified assessments," Compl. ¶¶ 50-51, 65, and that his employer and/or the IRS lacked legal authority to withhold amounts from his wages for income tax purposes, *id.* ¶ 74. He asserts that defendants have "breached their duties as IRS officers/agents" in violation of New York civil rights and criminal law, the Uniform Commercial Code, and federal civil rights and criminal laws.[3] *Id.* at ¶¶ 57-59, 69-71, 79-81. Plaintiff again seeks money damages in each cause of action. Compl. ¶¶ 60, 72, 82.

The Sixth Cause of Action alleges that "[e]ach defendant is an agent of the other, and each has his place in the chain of exposing plaintiff to the actors" and thus "[e]ach defendant is

_____

[3] The Third Cause of Action alleges violations of N.Y. Civ. Rights Law art. 2 §§ 3, 8, 11; N.Y. U.C.C. art. 9 §§ 402 ("Secured Party Not Obligated on Contract of Debtor or in Tort"), 403 ("Agreement Not to Assert Defenses Against Assignee"); N.Y. Penal Law §§ 170.15, .25, .30, .35 (forgery-related offenses); 18 U.S.C. §§ 241, 242, 513 (counterfeiting of state securities), 654 (embezzlement/conversion), 872, 1001 (false statements), 1341, 1584; and 42 U.S.C. §§ 1983, 1985, 1986. Compl. ¶¶ 57-59. The Fourth Cause of Action alleges violation of N.Y. Civ. Rights Law art. 2 §§ 3, 8, 11; 18 U.S.C. §§ 241, 242, 654, 872, 1341, 1584; and 42 U.S.C. §§ 1983, 1985, 1986. Compl. ¶¶ 70-71. The Fifth Cause of Action alleges violation of N.Y. Civ. Rights Law art. 2 §§ 3, 8; 18 U.S.C. §§ 241, 242, 1584; and 42 U.S.C. §§ 1983, 1985, 1986. Compl. ¶¶ 80-81.

vicariously liable for each instance of injury to plaintiff." Compl. ¶ 86. Plaintiff seeks restitution, injunctive relief, criminal penalties, and costs. *Id.* p.13.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). When deciding a motion to dismiss under Rule 12(b)(1) at the pleadings stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). "[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). While courts should construe pleadings submitted by *pro se* plaintiffs liberally, *pro se* plaintiffs are not excused from establishing subject matter jurisdiction. *See Ford v. D.C. 37 Union Local 1549*, 579 F. 3d 187, 188 (2d Cir. 2009).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "assess the legal feasibility of the complaint," *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). In doing so, the Court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." *Vidurek v. Miller*, No. 13 Civ. 4476 (VB), 2014 WL 901462, at *4 (S.D.N.Y. Feb. 27, 2014)

(quoting *Iqbal*, 556 U.S. at 679). Additionally, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although held to a less stringent standard, even a *pro se* plaintiff may not rely on conclusory allegations, and must allege facts that, if proven, would entitle the plaintiff to relief. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

## ARGUMENT

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS

### A.   The United States Has Not Waived Its Sovereign Immunity With Respect to Plaintiff's Claims

Plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction because the United States is immune from suit absent a waiver of sovereign immunity. *See, e.g.*, *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Plaintiffs bear the burden of demonstrating that Congress waived sovereign immunity with respect to their claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). "If there is no statute expressly waiving the sovereign immunity of the United States, the court lacks subject matter jurisdiction to adjudicate the claim." *Perry v. Wright*, No. 12 Civ 0721 (CM), 2013 WL 950921, at *4 (S.D.N.Y. Mar. 8, 2013) (citation and internal quotation marks omitted).

Plaintiff cannot meet this burden because no such waiver of sovereign immunity exists. *See, e.g.*, *id.* at *4-*6. In fact, Congress has explicitly withheld such consent in a number of statutes. *Clavizzao v. United States*, 706 F. Supp. 2d 343, 346 (S.D.N.Y. 2009). For instance, the

Tax Anti-Injunction Act explicitly prohibits any "suit for the purpose of restraining the assessment or collection of any tax . . . in any court by any person." 26 U.S.C. § 7421(a); *see also Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) ("In the context of tax assessments and collections the government's sovereign immunity has been codified by the [Tax] Anti-Injunction Act . . . ."). Additionally, the Declaratory Judgment Act (the "DJA"), specifically forbids courts from declaring obligations "with respect to federal taxes." 28 U.S.C. § 2201; *see also Lapadula & Villani, Inc. v. United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983) ("[The DJA] provides that a Court may not declare the rights and other legal relations of interested parties where federal taxes are in issue.").

Moreover, other statutes in which Congress provided a waiver of sovereign immunity do not apply to plaintiff's claims. *See Vidurek*, 2014 WL 901462, at *4-*6 (considering and rejecting various sources of waiver of the government's sovereign immunity for claims similar to plaintiff's). For example, the IRC provides that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433(a). This statute does not apply to Plaintiffs' claims, however, for at least three reasons. First, claimants are entitled to bring suit pursuant to section 7433(a) only after exhausting their administrative remedies with the IRS. *See* 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(d). Plaintiff never alleges that he availed himself of any administrative remedies, and the IRS has confirmed that plaintiff has failed to do so. *See* Declaration of Mary Ellan Krcha (the "Krcha Decl.") at ¶ 5. Second, "[s]ection 7433 provides for a civil action resulting from a wrongful *collection* of

federal taxes, not the wrongful assessment of taxes." *Wise v. Comm'r of Internal Revenue*, 168 F.

Supp. 2d 649, 653 (S.D. Tex. 2001) (emphasis in original). Thus, to the extent that plaintiff's

claims arise from the assessment of taxes, rather than any collection activities, section 7433 does

not apply. *See Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112 (2d Cir. 2005). Third, a

claim under section 7433 requires a claimant to "demonstrate that an employee of the IRS

violated a specific section of the Internal Revenue Code or Treasury Regulations in collecting

taxes from the claimant." *See, e.g.*, *Kennar v. Kelly*, No. 10cv2105-AJB(WVG), 2011 WL

2116997, at *7 (S.D. Cal. May 27, 2011) (citation omitted), *aff'd*, 2013 WL 3070578 (9th Cir.

2013). Here, the complaint contains no allegation specifying which sections of the IRC or

applicable regulations the Federal Defendants purportedly violated.

Nor does the government's waiver of sovereign immunity under the Federal Tort Claims

Act ("FTCA") apply to Plaintiff's claims. The FTCA is not applicable to "[a]ny claim arising out

of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Aetna Cas. & Sur. Co*

*v. United States*, 71 F.3d 475, 477 (2d Cir. 1995) (affirming dismissal of tax-related tort claim on

basis of sovereign immunity). Moreover, claims may only be brought under the FTCA where

the claimant has exhausted administrative remedies, *see Celestine v. Mount Vernon*

*Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), which plaintiff has failed to do. *See*

Krcha Decl. ¶ 5.

Finally, although the United States has been substituted as a defendant in this action only

with respect to the state law claims asserted against the Individual Federal Defendants, *see*

docket items 9, 14, to the extent that plaintiff might attempt to assert constitutional tort claims

against the United States, such claims would fail for lack of subject matter jurisdiction. *See, e.g.*,

*M.E.S., Inc. v. Snell*, 712 F.3d 666, 672 & n.1 (2d Cir. 2013) (explaining that it is "beyond dispute" that the United States has not waived its sovereign immunity for constitutional torts).

>    **B.    The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the Individual Federal Defendants in their Official Capacities**

To the extent that plaintiff purports to bring claims against the Individual Federal Defendants in their official capacities, the Court similarly lacks subject matter jurisdiction over those claims: "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred . . . unless [sovereign] immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir 1994). *See also* 28 U.S.C. § 2679(b)(1) (providing federal employees with immunity from tort claims arising out of actions undertaken in the course of their official duties).

**II.    PLAINTIFF'S CRIMINAL AND CONSTITUTIONAL TORT CAUSES OF ACTION AGAINST THE INDIVIDUAL FEDERAL DEFENDANTS FAIL TO STATE CLAIMS ON WHICH RELIEF MAY BE GRANTED**

>    **A.    Plaintiff Cannot Bring Criminal Charges Against the Individual Federal Defendants**

Plaintiff's purported criminal causes of action, *see* Compl. ¶¶ 25, 46, 58-59, 71, 81, 87(vii), also must be dismissed because individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." *Wright v. Waterside Plaza LLC*, No. 07 Civ. 9303 (DC), 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)). None of the criminal statutes cited in the complaint provide for private rights of action. *See, e.g.*, *Vidurek*, 2014 WL 901462, at *6. "[I]n determining whether a criminal statute implies a private right of action 'the dispositive question is whether Congress intended to create a private right of action,' and courts 'are to be especially reluctant to imply a private right of action where the statute explicitly provides a different remedy.'" *Zahl v. Kosovsky*, No. 08 Civ. 8308 (LTS) (THK), 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011)

(quoting *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308 (2d Cir. 2000)). Plaintiff provides no authority supporting any implied private right of action under these statutes, and no such authority exists. Accordingly, the Court should dismiss plaintiff's claims under federal and state criminal law.

### B.    Plaintiff Fails to State Constitutional Tort Claims Against the Individual Federal Defendants

Plaintiff's claims for purported violations of 42 U.S.C. § 1983, *see* Compl. ¶¶ 25, 46, 59, 71, 81, also should be dismissed under Rule 12(b)(6). Federal defendants, acting under color of law, are not subject to suit under section 1983. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1994). Even if plaintiff's section 1983 claims were construed as claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), however, it would still be subject to dismissal on multiple grounds:

As an initial matter, Plaintiff's claims for violations of his due process rights in connection with the assessment and collection of his federal taxes are not cognizable under *Bivens*. "[T]he *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in new contexts." *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (in banc) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Following its decision in *Bivens*, the Supreme Court has recognized non-statutory damages remedies in only two additional contexts. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). "Since *Carlson* in 1980, the Supreme Court has declined to extend the *Bivens* remedy in any new direction at all." *Arar*, 585 F.3d at 571-72.

Courts will not infer a *Bivens* remedy in a new context if an alternative, existing process for protecting the constitutional interest at stake amounts to a convincing reason for the judicial branch to refrain from providing a new and freestanding remedy in damages. *See Wilkie v.*

- 10 -

*Robbins*, 551 U.S. 537, 562 (2007); *Bush v. Lucas*, 462 U.S. 367, 378-89 (1983). Even if no such alternative remedial scheme exists, courts will not infer a *Bivens* remedy where there are special factors counseling hesitation before authorizing a new kind of federal litigation. *See Wilkie*, 551 U.S. at 550.

"Every circuit that has considered the appropriateness of a *Bivens* remedy in the taxation context has uniformly declined to permit one." *Hudson Valley*, 409 F.3d at 113 (citing cases); *see also Adams v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004) ("Relying on the comprehensiveness of the Internal Revenue Code and the many explicit remedial provision that the Code contains, our sister circuits that have addressed the question are nearly unanimous in holding that *Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes . . . . The First, Third, Fifth, Sixth, Seventh, Eighth and Ninth Circuits have all held *Bivens* actions inapplicable for claims arising from federal tax assessment or collection.").  In so reaching its decision, the Second Circuit noted the comprehensive statutory scheme that Congress established to resolve tax-related disputes.  *Hudson Valley*, 409 F.3d at 111-113.  Similarly, the Court should decline to recognize a *Bivens* cause of action against any of the Individual Federal Defendants in the present case, as all of plaintiff's claims arise out of the IRS's assessment and collection of taxes.

Second, even if claims arising from tax assessment and collection were cognizable under *Bivens*, plaintiff's complaint nonetheless fails to state a claim under *Bivens* because it does not sufficiently allege that any Individual Federal Defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987). Because *Bivens* claims can be instituted easily and are a burden on both the official sued and the public, courts require

the plaintiff to amplify his claims with specific factual allegations, so that insubstantial suits based on vague and conclusory allegations do not proceed to trial. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Vishevnik v. Supreme Court of New York*, No. 99 Civ. 3611 (RWS), 1999 WL 796180, at *2 (S.D.N.Y. Oct. 6, 1999) (holding that "complaints alleging the deprivation of constitutional rights[] must contain specific factual allegations to substantiate their easily made and highly disruptive claims"). The basis for plaintiff's claims against Grimes, Green, Judge, Banowsky, Carver, Detoro, and Gonzalez is merely that their names appear on correspondence from the IRS, but this alone is insufficient to state a claim. The mere following of IRS procedures does not subject an IRS agent to liability for constitutional violations. *See Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (affirming dismissal of *Bivens* claims, holding that "[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct"); *see also Clavizzao*, 706 F. Supp. 2d at 347 n.7 (declining to construe plaintiff's claims as *Bivens* claims because, *inter alia*, the complaint did not "even suggest any misconduct by any particular officials other than that they carried out IRS policies and directives"); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D.N.Y. 1985) ("Since plaintiff alleges no more than that the IRS agent . . . followed IRS statutory procedure, plaintiff's allegations of constitutional violations against defendant . . . must be dismissed.").

Third, even if Plaintiff had stated a claim for a constitutional violation, the Individual Federal Defendants enjoy qualified immunity from this suit. The doctrine of qualified immunity provides "that government officials performing discretionary functions generally are shielded

from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Martinez v. Simonetti*, 202 F.3d 625, 633-34 (2d Cir. 2000). This rule "strikes a balance between the need to provide a means for the vindication of constitutional guarantees and the societal costs that inhere in litigation against public officials." *Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002). It "recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated." *Davis v. Scherer*, 468 U.S. 183, 195 (1984). Accordingly, to ensure that government officials do "not err always on the side of caution because they fear being sued," the "qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam) (internal citations omitted).

To promote greater confidence that the "fear of personal monetary liability and harassing litigation will [not] unduly inhibit officials in the discharge of their duties," *Anderson v. Creighton*, 483 U.S. 635, 638 (1987), the Supreme Court has emphasized that qualified immunity is "an *immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). Accordingly, a qualified immunity ruling "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part on other grounds*, *Pearson v. Callahan*, 555 U.S. 223, 226 (2009). Because the practical value of qualified immunity "is effectively lost if a case is erroneously permitted to go to trial," *Mitchell*, 472 U.S. at 526, the Supreme Court has "repeatedly . . . stressed the importance of resolving

- 13 -

immunity questions at the *earliest possible stage* in litigation," *Saucier*, 533 U.S. at 201 (emphasis added) (internal citations omitted); *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

The first prong of the qualified immunity test asks whether the law "put the officer on notice that his [or her] conduct would be clearly unlawful." *Saucier*, 533 U.S. at 202. For the right to be "clearly established" in this sense, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. In other words, "in the light of pre-existing law the unlawfulness [of the official's conduct] must be *apparent*." *Id.* (emphasis added).

In *Saucier*, the Supreme Court instructed that the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." 533 U.S. at 202. Thereafter, the Court stated in *Hope v. Pelzer* that "the salient question" is whether the state of the law at the time of the alleged violation "gave [officials] fair warning that their alleged [conduct] was unconstitutional." 536 U.S. 730, 741 (2002). This is an objective test. *Crawford-El v. Britton*, 523 U.S. 574, 589-90 (1998) (*citing Mitchell*, 472 U.S. at 526-529); *see also Harlow*, 457 U.S. 800 (1982). In this regard, "bare allegations of malice cannot overcome the qualified immunity defense." *Crawford-El*, 523 U.S. at 588.

"[T]he second element of qualified immunity analysis permits a court to grant summary judgment if a reasonable officer could have believed his or her actions were lawful." *Cerrone v. Brown*, 246 F.3d 194, 202 (2d Cir. 2001). As the Second Circuit has explained:

> A defendant is . . . entitled to . . . qualified immunity . . . if a jury, viewing all facts in the light most favorable to the plaintiff, could conclude that *officers of reasonable competence could disagree* on the legality of the defendant's actions.

*Id.* (quotations and citations omitted) (emphasis added).  Put another way, a defendant is entitled to qualified immunity when "no reasonable jury . . . could conclude that it was objectively unreasonable" for the defendant "to believe that he was acting in a fashion that did not clearly violate an established federally protected right."  *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quotations omitted).  An "officer's actions are objectively unreasonable when *no officer of reasonable competence could have made the same choice* in similar circumstances." *Id.* at 420-21 (emphasis added).

Plaintiff cannot meet his burden of showing that defendants violated a constitutional right not to be subject to the Internal Revenue Code, let alone that any such right was clearly established at the time of the challenged conduct.  Accordingly, the Individual Federal Defendants are entitled to qualified immunity.

### C.    Plaintiff Fails to State Claims Under Sections 1985 or 1986 Against the Individual Federal Defendants

Lastly, plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 are without merit. Conspiracy claims under § 1985 require allegations of some "racial, or perhaps class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff makes no such allegation here. Because "a § 1986 claim is contingent on a valid § 1985 claim," plaintiff's § 1986 claim also must be dismissed. *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

**CONCLUSION**

For the reasons set forth above, the Court should dismiss the complaint against the

Federal Defendants.

Dated:  New York, New York
         June 23, 2014

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney

                                   By:    s/ Michael J. Byars
                                          MICHAEL J. BYARS
                                          Assistant United States Attorney
                                          Telephone:  (212) 637-2793
                                          Facsimile:  (212) 637-2717
                                          Email:  michael.byars@usdoj.gov