Gregg M. Mashberg
Lawrence S. Elbaum
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email: gmashberg@proskauer.com
        lelbaum@proskauer.com
*Attorneys for Defendants Vanessa Fleming and Gerard Boucher*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL A. SCHEUERING,<br><br>          Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA, HENRY SLAUGHTER, JIM GRIMES, MAUREEN GREEN, MAUREEN A. JUDGE, BILL R. BANOWSKY, VANESSA FLEMING, GERARD BOUCHER, H. GONZALEZ, and R. DETORO,<br><br>          Defendants. | **14 Civ. 932-NSR**<br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS** |

Defendants Vanessa Fleming ("Fleming") and Gerard Boucher ("Boucher," together with Fleming, the "Defendants") respectfully move this Court for an order:

(1)    pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissing the claims in the Complaint against the Defendants for lack of subject matter jurisdiction; and

(2)    pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the claims in the Complaint against the Defendants for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Although hardly a model of clarity, the Complaint in this action makes clear that Plaintiff intends to hold Defendants, the United States of America and a host of employees of the Internal Revenue Service (the "IRS Defendants") responsible for the repercussions of his own refusal to pay his federal income taxes. Defendants are both employees of The Depository Trust & Clearing Corporation ("DTCC") – where Plaintiff formerly worked. DTCC garnished Plaintiff's wages pursuant to a federal statute as well as a Notice of Levy on Wages, Salary and other Income (the "Levy") issued by the IRS. Defendants, as employees of DTCC, effectuated the garnishment of Plaintiff's wages. The federal statute that permitted the IRS to issue the Levy completely discharged Defendants from all liability to Plaintiff with respect to the garnishment of his wages. Defendants are therefore immune from any suit by Plaintiff against them arising from their compliance with the Levy.

Were Plaintiff to sidestep the statutory immunity afforded to Defendants under these circumstances (which he cannot), the Complaint is also due to be dismissed because it does not meet the basic pleading requirements under the Federal Rules and otherwise fails to state a claim upon which relief can be granted.

1

For these reasons, as set forth more fully below, the Complaint should be dismissed with prejudice as against the Defendants.

## STATEMENT OF FACTS[1]

On January 14, 2014, Plaintiff sued the Defendants along with the IRS Defendants in the Supreme Court of the State of New York, Orange County in connection with the Levy and subsequent garnishment of his salary. (Dkt. 1.) On February 13, 2014 the case was removed to this Court. *Id.*

On March 19, 2014, Plaintiff filed an amended complaint (the "Amended Complaint") . The Amended Complaint alleges that the Defendants committed "trespass on the case" by garnishing his wages between approximately 2011 and 2013 in compliance with the Levy. (Am. Compl. at ¶¶ 61-82.) The Defendants were acting in their capacities as DTCC employees at all times relevant to the allegations in the Complaint.

The Amended Complaint also alleges that Defendants breached the following state and federal statutes:

    a.  NY CVR, Article 2 § 3 – Levying taxes and charges
    b.  NY CVR, Article 2 § 8 – Right of search and seizure
    c.  NY CVR Article 2 § 11 – Fines must be reasonable and imposed only for cause
    d.  NY UCC, Article 9 § 402 – Secured Party Not Obligated on Contract of Debtor or in Tort
    e.  NY UCC, Article 9 § 403 – Agreement Not to Assert Defenses Against Assignee
    f.  NY Penal Law § 170.15 – Forgery in the first degree
    g.  NY Penal Law § 170.30 – Criminal possession of a forged instrument in the first degree
    h.  NY Penal Law § 175.25 – Tampering with public records in the first degree
    i.  NY Penal Law § 175.35 – Offering a false instrument for filing in the first degree

---

[1] For purposes of a Motion to Dismiss, the Court must accept as true the facts alleged in the complaint; however, to survive a motion to dismiss the Complaint must contain sufficient facts to state a claim that is plausible on its face. *Rinehart v. Akers*, 722 F.3d 137, 144 (2d Cir. 2013), *petition for cert. filed*, 82 U.S.L.W. 3449 (U.S. Jan. 8, 2014) (No. 13-830, 13A502), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

     j.  18 USC § 241 – Conspiracy against rights
     k.  18 USC § 242 – Deprivation of rights under color of law
     l.  18 USC § 1584 – Sale into involuntary servitude
     m.  42 USC § 1983 – Civil action for deprivation of rights
     n.  42 USC § 1985 – Conspiracy to interfere with civil rights
     o.  42 USC § 1986 – Action for neglect to prevent

(*Id.* at ¶¶ 24, 45, 57, 58, 70-71, 80-81.)  The Amended Complaint is devoid of any reference to the provisions of these statutes or any specific allegations concerning how the Defendants allegedly violated these statutes.

     The Amended Complaint alleges that Defendant Fleming additionally violated the following state and federal statutes:

     (a)  18 USC § 654 – Officer or employee of United States converting property of another
     (b)  18 USC § 872 – Extortion by officers or employees of the United States
     (c)  18 USC § 1341 – Frauds and swindles

(*Id.* at ¶¶ 71.)  The Amended Complaint is devoid of any reference to the provisions of these statutes or any specific allegations concerning how Defendant Fleming allegedly violated these statutes.

     Exhibit 17 to the Amended Complaint is a copy of the Levy.  The Levy states that "[t]his levy requires the person who received it [DTCC] to turn over to us [the IRS]: your [Plaintiff's] wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person [DTCC] has now or is obligated to pay you."  (*Id.* Ex. 17, p. 2.)  The Amended Complaint alleges that Defendants complied with the Levy.  (*Id.* at ¶¶ 66-67, 76-77.)

     On April 22, 2014, Defendants, along with the IRS Defendants, through their counsel, wrote letters to the Court requesting a pre-motion conference and leave to file motions to dismiss the Amended Complaint.  At a May 23, 2014 conference, the Court granted leave for all

defendants to file motions to dismiss the Amended Complaint.  (Dkt. Minute Entry, dated May 23, 2014.)

## ARGUMENT

### I.   LEGAL STANDARDS APPLICABLE TO THIS MOTION

"[T]he standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999).  In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *E.g.*, *Thayil v. Fox Corp.*, No. 11 Civ. 4791 (SAS), 2012 WL 364034, at *2, 4 (S.D.N.Y. Feb. 2, 2012) (quoting *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011)).  "The court then evaluates the sufficiency of the complaint under the 'two-pronged approach' suggested by the Supreme Court in *Iqbal*." *Thayil*, 2012 WL 364034, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "*First*, a court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Thayil*, 2012 WL 364034, at *2 (quoting *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to withstand a motion to dismiss." *Thayil*, 2012 WL 364034, at *2 (quoting *Iqbal*, 556 U.S. at 678).  "*Second*, '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Thayil*, 2012 WL 364034, at *2 (quoting *Iqbal*, 556 U.S. at 679).

"To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of 'plausibility.'" *Thayil*, 2012 WL 364034, at *2 (citing *Bell Atl. Corp. v Twombly*,

550 U.S. 544, 564 (2007)).  "A claim is facially plausible 'when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'"  *Thayil*, 2012 WL 364034, at *2 (*citing Iqbal*, 556 U.S. at 678).

"Plausibility 'is not akin to a probability requirement,' rather, plausibility requires 'more than a

sheer possibility that a defendant has acted unlawfully.'"  *Thayil*, 2012 WL 364034, at *2

(quoting *Iqbal*, 556 U.S. at 678).  In considering a motion to dismiss for failure to state a claim, a

court may consider documents attached to the complaint as exhibits.  *Id.*  These requirements

apply with equal force to litigants proceeding *pro se*.  *See Celauro v. United States Internal*

*Revenue Service*, 411 F. Supp. 2d 257, 264 (E.D.N.Y. 2006), *aff'd* 214 F. App'x 95 (2d Cir.

2007); *Nials v. Bank of Am.*, No. 13 Civ. 5720 (AJN), 2014 U.S. Dist. LEXIS 38629, at *22

(S.D.N.Y. Mar. 21, 2014), *dismissed in pt. on other grounds*, 2014 U.S. Dist. LEXIS 77070

(S.D.N.Y. May 30, 2014) ("[P]ro se submissions are not exempted from the plausibility standard

set forth in *Iqbal* and *Twombly*.") (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

## II.  THE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR COMPLYING WITH THE LEVY

Plaintiff's claims against the Defendants must fail because they were statutorily

obligated, as DTCC employees, to effectuate the garnishment of Plaintiff's wages pursuant to the

Levy.  It is well-established that the IRS has statutory authority to collect delinquent taxes by

placing a levy on all property and rights to property, including a delinquent taxpayer's wages.  26

U.S.C. § 6332(a); *Celauro*, 411 F. Supp. 2d at 265.  It is also well-established that this levy

procedure is constitutional.  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985).

Where a taxpayer's property is held by another person or company – also called a

"custodian" – the IRS serves a notice of levy on that custodian, pursuant to § 6332(a).  When this

5

happens, the IRS takes constructive possession of the delinquent taxpayer's property. *Soffer v. United States*, No. 01 Civ. 0945 (KMW)(THK), 2002 U.S. Dist. LEXIS 9497, at *19-20 (S.D.N.Y. Mar. 20, 2002); *Celauro*, 411 F. Supp. 2d at 265 (citing *Phelps v. United States*, 421 U.S. 330, 334 (1975)).  The custodian must comply with the levy or incur personal liability to the United States government.  26 U.S.C. § 6332(d)(1).[2]  Private defendants who "complied with the law and garnished the wages or property of the Plaintiff[] in accordance with the notice of levies they received from the IRS" are fully authorized by law to do so. *Celauro*, 411 F. Supp. 2d at 266.  Ultimately, "[c]ompliance with the obligation to honor the levy extinguishes liability to the claimant of the property." *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) (emphasis added); *see also United States v. Michel*, 879 F. Supp. 2d 291, 297-98 (E.D.N.Y. 2012) ("A custodian who 'surrenders such property or rights' in accordance with the levy is 'discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property . . . .'") (quoting 26 U.S.C. § 6332(e)).

In this case, there can be no dispute that:

- The Levy, issued pursuant to 26 U.S.C. § 6332, required the Defendants, in their capacities as DTCC employees, to effectuate the garnishment of Plaintiff's wages (Am. Compl. Exh. 17);

- Defendants, in their capacities as DTCC employees, effectuated the garnishment of Plaintiff's wages in compliance with the Levy (*Id.* ¶¶ 66-67, 76-77.); and

- All of the claims asserted as against the Defendants arise from their compliance with the Levy as DTCC employees. (*Id.* at ¶¶ 61-82.)

---

[2] The penalty for refusing to comply with an IRS levy "without reasonable cause" is "50 percent of the amount recoverable" from the person against whom the levy was filed.  26 U.S.C. § 6332(d)(2).

The Defendants, therefore, are statutorily immune from liability to Plaintiff for complying with the Levy. *See Soffer*, 2002 U.S. Dist. LEXIS 9497, at *22 ("Accordingly, because both [banks] were simply complying with the IRS levies, as they were required to do by law, they cannot be liable to Plaintiff for transmitting her assets to the IRS pursuant to 26 U.S.C. § 6332."). Indeed, had the Defendants refused to comply with the Levy, they would have incurred a penalty pursuant to 26 U.S.C. § 6332(d)(2). Accordingly, the Complaint should be dismissed with prejudice as against the Defendants.

### III. THE COMPLAINT DOES NOT MEET THE FEDERAL PLEADING SUFFICIENCY REQUIREMENTS

The Complaint also must be dismissed because it falls woefully short of the pleading sufficiency requirements under the Federal Rules. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, the Complaint does no more than literally list the names and titles of federal and New York state statutes and proclaim that the Defendants allegedly breached them. (Am. Compl. at ¶¶ 70-71, 80-81.) Nowhere does the Complaint set forth with any detail – not even in conclusory fashion – the elements of any causes of action that might arise under these statutes or any alleged act of Defendants that would purport to invoke these unenumerated causes of action. Simply put, these less than threadbare and naked allegations do not even meet them most liberal pleading requirements afforded to litigants under the Federal Rules. *See In re Trilegiant Corp.*, Civ. A. No. 3:12-CV-00396 (VLB), 2014 U.S. Dist. LEXIS 42573, at *110 (D. Conn. Mar. 28, 2014) ("Merely listing possible causes of action without providing a 'short and plain statement of the claim' as it relates to these statutes, is not sufficient to sustain a motion to dismiss under Rule 8(a)."); *see also Nials*, 2014 U.S. Dist. LEXIS 38629, at *26.

Even if the allegations of the Complaint do satisfy the federal pleading sufficiency requirements (which they do not), each alleged statutory violation arises from the Defendants' compliance with the Levy.  As noted above in Section II, the Defendants' compliance with the Levy, in their capacities as DTCC employees, completely discharged them from all liability to Plaintiff with respect to the garnishment of his wages.  The Complaint, therefore, can never sufficiently plead any allegations as against the Defendants and must be dismissed with prejudice.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff has also not stated – and cannot state – a claim for trespass on the case as against the Defendants.  In order to state a claim for trespass on the case under New York law, a plaintiff must allege that a defendant has committed a wrongful act other than physical force, and that plaintiff suffered indirect or consequential damage as a result.  *See Socony-Vacuum Oil Co. v. Bailey*, 202 Misc. 364, 366 (Sup. Ct. Cattaraugus Cnty. 1952).

*First*, the Complaint neither sets forth any of the elements of "trespass on the case" nor any allegations (let alone bare or conclusory allegations) to support this cause of action.  Under *Iqbal* and *Twombly*, therefore, this cause of action should be dismissed.  *Second*, the Complaint could never properly allege wrongdoing on the part of the Defendants because, as employees of DTCC, they were required to withhold Plaintiff's wages by virtue of the Levy.  As noted, compliance with 26 U.S.C. § 6332 and the Levy, as Defendants did, completely bars any claim

8

of wrongdoing as against them.  Accordingly, the Complaint fails to (nor could it ever) state a

cause of action against the Defendants and must be dismissed with prejudice.[3]

## CONCLUSION

For all these reasons, the Defendants respectfully request that the Court dismiss the

claims against them with prejudice.

Dated:  June 23, 2014

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Gregg M. Mashberg
Lawrence S. Elbaum
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email:  gmashberg@proskauer.com
            lelbaum@proskauer.com
*Attorneys for Defendants Vanessa Fleming
and Gerard Boucher*

---

[3] To the extent this Court interprets Plaintiff's claim as one for common law conversion, that claim, too, would fail.  Plaintiff must plead two elements to state a claim for conversion:  "'(1) plaintiff's legal ownership or an immediate superior right of possession to specific, identifiable personal property and (2) defendant's exercise of unauthorized dominion over the thing in question to the exclusion of plaintiff's rights.'"  *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 516-17 (S.D.N.Y. 2000) (quoting *It's Entm't v. Choice Entm't, Inc.*, No. 90 Civ. 0653 (RWS), 1991 U.S. Dist. LEXIS 18347, at *29 (S.D.N.Y. Dec. 30, 1991)).  *First*, Plaintiff cannot show legal ownership to the property in question – his garnished wages – because federal law provides that the IRS constructively possessed these wages as a result of Plaintiff's federal tax payment delinquencies.  *Second*, as discussed above in Section II, Defendants, in their capacities as DTCC employees, were not just statutorily authorized, but *required*, to comply with the Levy.  Accordingly, Plaintiff has not stated (and cannot state) a claim for conversion under New York law.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date set forth below, I caused a true and correct

copy of Defendants' Memorandum of Law in Support of Their Motion to Dismiss and

Defendants' Notice of Motion to Dismiss, to be served on Plaintiff at the following address:

> Carl A. Scheuering
> 12 Barnett Road West
> Monroe, NY 10950-3942

I also caused a true and correct copy of the foregoing to be served on the United States

Attorney's Office via email.


Dated: June 23, 2014                         PROSKAUER ROSE LLP

                                             By:_____
                                             Lawrence S. Elbaum
                                             PROSKAUER ROSE LLP
                                             Eleven Times Square
                                             New York, New York 10036
                                             Tel: 212.969.3000
                                             Fax: 212.969.2900
                                             Email: lelbaum@proskauer.com
                                             *Attorneys for Defendants Vanessa*
                                             *Fleming and Gerard Boucher*

10