Gregg M. Mashberg
Lawrence S. Elbaum
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email: gmashberg@proskauer.com
　　　　lelbaum@proskauer.com
*Attorneys for Defendants Vanessa Fleming and Gerard Boucher*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL A. SCHEUERING,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA, HENRY SLAUGHTER, JIM GRIMES, MAUREEN GREEN, MAUREEN A. JUDGE, BILL R. BANOWSKY, VANESSA FLEMING, GERARD BOUCHER, H. GONZALEZ, and R. DETORO,<br><br>　　　　Defendants. | **14 Civ. 932-NSR**<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS** |

Defendants Vanessa Fleming ("Fleming") and Gerard Boucher ("Boucher," together with Fleming, the "Defendants") respectfully submit this reply brief (the "Reply") in further support of their motion to dismiss (the "MTD") this action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

Plaintiff's opposition to the MTD (the "Opposition") completely fails to salvage the defective amended complaint (the "Complaint") as against the Defendants in this action.

*First*, the Opposition does not even attempt to refute the Defendants' argument that they are immune from liability in this action because (in their capacities as employees of The Depository Trust & Clearing Corporation) they garnished Plaintiff's wages in compliance with federal statute as well as a notice of levy from the IRS (the "Levy"). This is hardly surprising because, as noted in the MTD at 6, black letter federal law mandates that the Defendants are immune from liability under these circumstances. *See Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) (emphasis added); *see also United States v. Michel*, 879 F. Supp. 2d 291, 297-98 (E.D.N.Y. 2012) ("A custodian who 'surrenders such property or rights' in accordance with the levy is 'discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property . . . .'") (quoting 26 U.S.C. § 6332(e)).

*Second*, the Opposition fails to set forth any basis from which this Court could conclude that the Complaint meets the pleading sufficiency requirements set forth in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). As noted in the MTD at 7, the Complaint only lists a host of federal and New York state civil and criminal statues and makes the solitary, sweeping allegation that the Defendants

1

violated these statutes.  The Complaint is otherwise bereft of any mention of any of the elements of these statutes or any facts that would explain how these statutes apply to the alleged actions of the Defendants.  Instead of seeking to cure this fatal pleading flaw, the Opposition at 5 merely states, again in sweeping fashion, that the Complaint sets forth sufficient "facts and events" to meet the federal pleading sufficiency requirements.  Of course, this general statement does not fix the pleading deficiencies in the Complaint.  *See In re Trilegiant Corp.*, Civ. A. No. 3:12-CV-00396 (VLB), 2014 U.S. Dist. LEXIS 42573, at *110 (D. Conn. Mar. 28, 2014) ("Merely listing possible causes of action without providing a 'short and plain statement of the claim' as it relates to these statutes, is not sufficient ..."); *See also Nials v. Bank of Am.*, No. 13 Civ. 5720 (AJN), 2014 U.S. Dist. LEXIS 38629, at *26 (S.D.N.Y. Mar. 21, 2014), *dismissed in pt. on other grounds,* 2014 U.S. Dist. LEXIS 77070 (S.D.N.Y. May 30, 2014).  Nor can Plaintiff ever fix this pleading deficiency because, as noted above, the Defendants are immune from this suit because of their compliance with federal statute and the Levy.

*Third*, the Opposition does not rectify the failure of the Complaint to state any cause of action as against the Defendants.  As noted in the MTD at 8-9, although not clear, the Complaint appears to name the cause of action of "Trespass on the Case," without setting forth any of its elements.  The Complaint also fails to set forth any facts concerning the Defendants that are sufficient to satisfy any of the unenumerated elements of this cause of action.  The Opposition at 7 merely makes the blanket allegation that the Complaint does set forth "facts and events" to state a cause of action against the Defendants, without actually pointing to such "facts and events" (because they are nowhere to be found in the Complaint).  This allegation, without more, does not even come close to saving the Complaint in this action.  *See Thayil v. Fox Corp.*, No. 11 Civ. 4791 (SAS), 2012 WL 364034, at *2 (S.D.N.Y. Feb. 2, 2012) ("'Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice' to withstand a motion to dismiss.") (quoting *Iqbal*, 556 U.S. at 678). Furthermore, for the same reason noted above, the Complaint in this action could never properly assert any cause of action as against the Defendants because of the immunity afforded to them for complying with federal statute and the Levy.

## CONCLUSION

Simply put, Plaintiff cannot hold the Defendants responsible for the repercussions of his own refusal to pay his federal income taxes. For all these reasons, in addition to those set forth in the MTD, the Defendants respectfully request that the Court dismiss the Complaint against them with prejudice.

Dated: August 7, 2014

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Gregg M. Mashberg
Lawrence S. Elbaum
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email: gmashberg@proskauer.com
        lelbaum@proskauer.com
*Attorneys for Defendants Vanessa Fleming and Gerard Boucher*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date set forth below, I caused a true and correct copy of Defendants' Reply in Further Support of Their Motion to Dismiss to be served on Plaintiff at the following address:

> Carl A. Scheuering
> 12 Barnett Road West
> Monroe, NY 10950-3942

I also caused a true and correct copy of the foregoing to be served on the United States Attorney's Office via email.

Dated: August 7, 2014

PROSKAUER ROSE LLP

By: _____
Lawrence S. Elbaum
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
Email: lelbaum@proskauer.com
*Attorneys for Defendants Vanessa Fleming and Gerard Boucher*