UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL A. SCHEUERING,

                Plaintiff,

    v.

UNITED STATES OF AMERICA, HENRY SLAUGHTER, JIM GRIMES, MAUREEN GREEN, MAUREEN A. JUDGE, BILL R. BANOWSKY, VANESSA FLEMING, GERARD BOUCHER, ESTHER GONZALEZ, REBECCA DETORO, and LAYNE CARVER,

                Defendants.

ECF CASE

No. 14 Civ. 932 (NSR) (PED)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS

PREET BHARARA
United States Attorney for the
Southern District of New York
*Counsel for the Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2793
Facsimile: (212) 637-2717

*Of Counsel:*

MICHAEL J. BYARS
Assistant United States Attorney

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS ........................................................ 2

II. PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED .... 3

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

### CASES

Page

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................4

*Bell Atlantic Corp. v. Twombley*,
    550 U.S. 544 (2007) ................................................................................................................4

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
    403 U.S. 288 (1971) ........................................................................................................*passim*

*Block v. North Dakota*,
    461 U.S. 273 (1983) ................................................................................................................2

*Clavizzao* v. *United States*,
    706 F. Supp. 2d 343 (S.D.N.Y. 2009) .....................................................................................5

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..................................................................................................................3

*D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*,
    No. 11-3473, ___ F.3d ____, 2014 WL 2609648 (2d Cir. June 12, 2014) ........................2, 3

*Ford v. D.C. 37 Union Local 1549*,
    579 F.3d 187 (2d Cir. 2009) ....................................................................................................3

*Guggenheim Capital, LLC v. Birnbaum*,
    722 F.3d 444 (2d Cir. 2013) ................................................................................................2, 3

*In re Deposit Ins. Agency*,
    482 F.3d 612 (2d Cir. 2007) ....................................................................................................5

*Ostrer v. Aronwald*,
    567 F.2d 551 (2d Cir. 1997) ....................................................................................................5

*Ryan v. Bilby*,
    764 F.2d 1325 (9th Cir. 1985) .................................................................................................4

*Tongkook Am., Inc. v. Shipton Sportswear Co.*,
    14 F.3d 781 (2d Cir. 1994) ......................................................................................................2

*United States v. Hoodenpyle*,
    No. 09 Cr. 13 (MSK), 2009 WL 1883919 (D. Colo. June 30, 2009) ......................................4

*United States v. Lee*,
    106 U.S. 196 (1882) ................................................................................................................5

The Federal Defendants,[1] by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the amended complaint (the "complaint") of plaintiff Carl A. Scheuering pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In response to the motions to dismiss filed by the Federal Defendants and defendants Boucher and Fleming (the "Non-Federal Defendants"), Scheuering has filed two memoranda of law as well as an unauthorized and otherwise deficient motion for summary judgment.[2] These filings make clear that (i) plaintiff incorrectly believes that this Court somehow has broad subject matter jurisdiction to consider his dispute (whether through the purported consent of the parties or through his designation of this Court as a "court of record"), and (ii) plaintiff's claims are solely based on frivolous tax protestor arguments challenging the IRS's legal authority to collect taxes.

As explained in the Memorandum of Law in Support of the Federal Defendants' Motion to Dismiss (the "Opening Brief" or "Opening Br."), subject matter jurisdiction does not exist because the United States has not waived its sovereign immunity with respect to plaintiff's

---

[1] Unless otherwise specified, capitalized terms shall bear the same meanings ascribed to them in the Federal Defendants.

[2] As noted in the Federal Defendants' letter dated July 31, 2014 (the "July 31 Letter"), plaintiff failed to submit a pre-motion letter as required under Your Honor's individual practices. *See, e.g.*, Individual Practices in Civil Cases, Rule 3.A (requiring a pre-motion letter); Special Rules of Practice in Civil *Pro Se* Cases, Rule 7 (requiring compliance with Rule 3.A of the Individual Practices). Moreover, plaintiff failed to include with his motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried," as required under the local rules, which failure is an express basis to deny summary judgment. *See* S.D.N.Y. L.R. 56.1(a) ("Failure to submit such a statement may constitute grounds for denial of the motion."). By endorsed order dated August 5, 2014, the Court scheduled a pre-motion conference to discuss plaintiff's motion for November 25, 2014, and thus the Federal Defendants are not responding to that motion at this time.

claims. Nor has (or can) plaintiff state a claim under the criminal statutes he cites, which do not provide for a private right of action, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 288 (1971), or under the civil rights statutes cited by plaintiff. Moreover, even if such claims could be stated, the Federal Defendants would be entitled to qualified immunity for their alleged acts (a point to which plaintiff has not even responded).

The Federal Defendants' motion to dismiss therefore should be granted.

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE FEDERAL DEFENDANTS

Plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction because the United States is immune from suit absent a waiver of sovereign immunity. *See* Opening Br. Point I.A; *see also, e.g.*, *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). The Court lacks subject matter jurisdiction over plaintiff's claims against the Individual Federal Defendants in their official capacities for the same reason. *See* Opening Br. Point I.B. This deficiency is fatal to plaintiff's claims because subject matter jurisdiction may not be waived, *see* Fed. R. Civ. P. 12(h)(3); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994), and "[i]ssues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the [C]ourt *sua sponte*," *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013). Indeed, "[f]ederal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, No. 11-3473, ___ F.3d ____, ____, 2014 WL 2609648, at *___ (2d Cir. June 12, 2014). Although courts must construe pleadings submitted by *pro se* plaintiffs liberally, *pro se* plaintiffs

are not excused from the requirement of establishing subject matter jurisdiction. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009).

Plaintiff appears to argue that subject matter jurisdiction exists because of his own actions. *See, e.g.*, Pl.'s Answer Opposing Motion to Dismiss (Byars) ("Plaintiff's Opposition" or "Pl.'s Opp'n") at 2 (asserting that the "chosen court proceedings" are occurring in a "court of record" that is a "court of general jurisdiction set in motion upon filing and service of an action at law" filed in the New York State Supreme Court); 3 (asserting that "[p]laintiff has decreed federal and state statutes as law of the case" (footnote omitted)). A party cannot by himself create subject matter jurisdiction where none exists, however, and no amount of "consent" can cure the lack of subject matter jurisdiction. *See, e.g.*, *Guggenheim Capital*, 722 F.3d at 449; *D'Amico*, ___ F.3d at ____, 2014 WL 2609648, at *___. While the Court is bound to construe a *pro se* party's pleadings liberally, such a construction cannot save plaintiff's complaint here. *See, e.g.*, *Ford*, 579 F.3d at 188. *Cf.* Pl.'s Opp'n 1, 5-6 (citing Fed. R. Civ. P. 8(a)(2) and 8(e)).

Plaintiff's claims against the United States (*i.e.*, the state law tort claims originally asserted against the Individual Federal Defendants) and against the Individual Federal Defendants in their official capacities therefore should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**II.     PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

To begin with, Plaintiff's Opposition incorrectly relies on an outdated standard for motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Pl.'s Opp'n 5 ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). This standard for dismissal

for failure to state a claim was abrogated by the Supreme Court in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Iqbal*, the Court held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In any event, plaintiff's complaint fails as a matter of law. Plaintiff's Opposition and summary judgment motion make clear that the crux of his complaint is his erroneous belief that the IRS lacks the power to impose and collect taxes. *See, e.g.*, Pl.'s Opp'n 8 (asserting that taxes were collected from him "without jurisdiction, authority, and good cause"); Plaintiff's Answer in Support of Motion for Summary Judgment ("Pl.'s SJ Motion") at 2-6 (stating, *inter alia*, that the I[nternal] R[evenue] C[ode] is not law"). His claim that the Individual Federal Defendants, by performing their function as IRS employees, "breached their duties and caused harm to [the plaintiff] via their collection activities," Pl.'s Opp'n 2, is thus premised on his underlying contention that any such collection activities on behalf of the IRS are illegitimate – and not on any alleged act taken by any of the Individual Federal Defendants outside of their responsibilities as IRS employees.

Thus, the foundation of plaintiff's action is simply incorrect. Courts have long rejected claims that the IRS has no legal authority to collect federal taxes and have declined to hold IRS employees liable simply for doing their job. *See, e.g.*, *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it or not, the Internal Revenue Code is the law, and the defendants did not violate [plaintiff's] rights by enforcing it.").[3] Nor do the courts recognize such allegations as

---

[3] Courts have expressly rejected the arguments offered by plaintiff for concluding to the contrary. *See, e.g.*, *United States v. Hoodenpyle*, No. 09 Cr. 13 (MSK), 2009 WL 1883919, at *1 & n.2 (D. Colo. June 30, 2009) (rejecting reliance on the answer filed in *Diversified Metal Products, Inc. v.*

stating a cognizable claim under *Bivens*. *See* Opening Br. at 11-12 (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1997); *Clavizzao* v. *United States*, 706 F. Supp. 2d 343, 347 n.7 (S.D.N.Y. 2009)).

Plaintiff's citation to the Supreme Court's decision in the companion cases of *United States v. Lee* and *Kaufman v. Lee*, 106 U.S. 196 (1882), is unavailing. *See* Pl.'s Opp'n 8-9 (referring to the cases as *United States v. Lee Kaufman*). *Lee* concerned an action for ejectment from the possession of land and involved the distinction between the possession of property and title to property. *See In re Deposit Ins. Agency*, 482 F.3d 612, 620 (2d Cir. 2007). There is no similar issue presented here, including because there is no allegation that any of the Individual Federal Defendants is personally in possession of plaintiff's property.

## CONCLUSION

For the reasons set forth above and in the Opposition Brief, the Court should dismiss the complaint against the Federal Defendants.

Dated: New York, New York
August 7, 2014

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

                              By: *s/ Michael J. Byars*
                                            MICHAEL J. BYARS
                                            Assistant United States Attorney
                                            Telephone: (212) 637-2793
                                            Facsimile: (212) 637-2717
                                            Email: michael.byars@usdoj.gov

---

*T-Bow Company Trust*, 93-405-E-EJL (D. Idaho) and explaining that "[t]he argument that the I.R.S. is not an agency of the United States, [has been] called 'legally frivolous' and 'not merit[ing] further comment'" (footnote omitted)) (and cases cited therein). *Cf.* Plaintiff's Affidavit in Support of Memorandum of Law Motion for Summary Judgment ¶ 3 (relying on the answer filed in *Diversified Metal Products*).