UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                       :
CARL A. SCHEUERING,                                    :
                                                       :
                              Plaintiff,               :          14-cv-932 (NSR)
          -against-                                    :
                                                       :          OPINION & ORDER
UNITED STATES OF AMERICA, HENRY,                       :
SLAUGHTER, JIM GRIMES, MAUREEN                         :
GREEN, MAUREEN A. JUDGE, BILL R.                       :
BANOWSKY, VANESSA FLEMING, GERARD                      :
BOUCHER, ESTHER GONZALEZ, REBECCA                      :
DETORO, and LAYNE CARVER,                              :
                                                       :
                              Defendants.              :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Carl A. Scheuering ("Plaintiff") commenced this action by complaint filed

February 13, 2014, and amended complaint filed March 19, 2014, against: the United States of

America, Henry Slaughter, Jim Grimes, Maureen Green, Maureen A. Judge, Bill R. Banowsky,

Esther Gonzalez, Rebecca Detoro, and Layne Carver (the "Federal Defendants"); and Vanessa

Fleming and Gerard Boucher (the "Non-Federal Defendants," and together with the Federal

Defendants, "Defendants").

    The individual Federal Defendants are employees of the United States Internal Revenue

Service (the "IRS"), and are sued here in their official and individual capacities. The Non-

Federal Defendants are employees of The Depository Trust & Clearing Corporation ("DTCC"),

where Plaintiff once worked. The action challenges the IRS's authority to levy income taxes

against Plaintiff, and likewise challenges DTCC's garnishment of Plaintiff's wages upon

receiving notice of the IRS levy.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2014

Defendants now move to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted.  For the following reasons, the Court GRANTS the two pending motions to dismiss (dkt. nos. 63, 68) and dismisses this action in its entirety.

## I.  COMPLAINT

Plaintiff commenced this action in New York State Supreme Court, County of Orange, on or about January 14, 2014.  The action was removed to this Court on February 13, 2014.  On March 3, 2014 (and by supplemental orders dated March 13, 2014 and May 23, 2014), the Court substituted the United States of America in place of the individual Federal Defendants as the proper defendant for all state law claims asserted against federal employees.  *See* dkt. nos. 9, 14. Plaintiff amended his complaint on March 19, 2014 (dkt. no. 15), adding Layne Carver as an additional defendant, and the amended complaint is the operative one.

The amended complaint asserts six causes of action.  Common to each of the six is the allegation that Defendants assessed and sought to collect income taxes from Plaintiff without legal authority, thus infringing on Plaintiff's right to property, life, liberty, and the pursuit of happiness.  *See* Amended Complaint ("Compl.") ¶¶ 6-8.  Plaintiff also contends that the IRS is a Delaware corporation unlawfully acting under color of law as a government agency.  *Id.* ¶¶ 15-18.  And Plaintiff alleges that no part of the Internal Revenue Code requires him to file a tax return or pay taxes.  *See* Affidavit of Carl A. Scheuering in Support of Action at Law (dkt. no. 15) ¶ 2.

Plaintiff's first cause of action alleges that defendant Slaughter, an IRS Field Director, incorrectly presumed Plaintiff to be a "statutory taxpayer" and sent him a letter of "intimidation" demanding that taxes be paid.  Compl. ¶ 21.  Based on that correspondence from Slaughter,

2

Plaintiff seeks relief under the New York Civil Rights Law, federal civil rights statutes (e.g., 42 U.S.C. § 1983), and certain federal criminal statutes. *Id.* ¶¶ 24-26.

Plaintiff's second cause of action alleges that defendants Green, Slaughter, Grimes, Banowsky, and Carver "exceeded their jurisdiction" and breached their duties by mailing Plaintiff tax examination letters and notices of deficiency. *Id.* ¶¶ 28-45. Plaintiff again seeks relief under the New York Civil Rights Law, federal civil rights statutes, and federal criminal statutes. *Id.* ¶¶ 45-47.

Plaintiff's third, fourth, and fifth causes of action each allege that Defendants' tax collection efforts—filing a lien, levying wages, and causing employer withholding—amounted to "trespass on the case." *Id.* ¶¶ 50-51, 65, 74. Here too, Plaintiff seeks relief under the New York Civil Rights Law, federal civil rights statutes, and federal criminal statutes, and Plaintiff also seeks relief pursuant to the Uniform Commercial Code. *Id.* ¶¶ 57-59, 69-71, 79-81.

Plaintiff's sixth cause of action alleges that "[e]ach defendant is an agent of the other, and each has his place in the chain of exposing plaintiff to the actors," and thus "[e]ach defendant is vicariously liable for each instance of injury to plaintiff." *Id.* ¶ 86.

## II. MOTION TO DISMISS STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court

3

may resolve [any] disputed jurisdictional fact issues by referring to evidence outside the pleadings such as affidavits, *Zappia Middle E. Contr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The Court, again, must take all material factual allegations as true and draw reasonable inferences in the plaintiff's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## III. DISCUSSION

Applying these standards, because Plaintiff is a *pro se* litigant, the Court accords the complaint leniency and construes it to raise the strongest arguments it suggests. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Even so, the complaint and the briefs fail to establish the presence of subject matter jurisdiction, and the complaint fails to state any plausible claim.

### A. Lack of Subject Matter Jurisdiction

#### 1. Defendant United States of America

First, the United States is immune from suit absent a waiver of sovereign immunity.

4

*Block v. North Dakota*, 461 U.S. 273, 287 (1983).  Plaintiff bears the burden of demonstrating a

waiver.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  If Plaintiff cannot meet this burden

by pointing to a statute expressly waiving immunity, it follows that the Court lacks subject

matter jurisdiction to adjudicate a claim against the United States.  *Perry v. Wright*, No. 12-cv-

721, 2013 WL 950921, at *4 (S.D.N.Y. Mar. 8, 2013) (citation and internal quotation omitted).

Plaintiff cannot meet this burden.  He cannot do so because Congress has not passed any

statute waiving sovereign immunity for tax-related challenges like the one presented here.

Congress has, in fact, done the opposite.  *See Randell v. United States*, 64 F.3d 101, 106 (2d Cir.

1995) ("In the context of tax assessments and collections the government's sovereign immunity

has been codified by the [Tax] Anti-Injunction Act . . . ."); *see also Lapadula & Villani, Inc. v.

United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983) ("The Declaratory Judgment Act . . .

expressly provides that a Court may not declare the rights and other legal relations of interested

parties where federal taxes are in issue.").[1]

At times, civil damages may be available under the Internal Revenue Code for

unauthorized tax collection,[2] or for failure to release a lien.[3]  But those avenues are unavailing

here, as the complaint contains no assertion that Plaintiff has exhausted administrative remedies,

---

[1] *See also M.E.S., Inc. v. Snell*, 712 F.3d 666, 672 n. 1 (2d Cir. 2013) (stating that it is "beyond dispute" that the United States has not waived its sovereign immunity for constitutional torts); *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477 (2d Cir. 1995) (affirming dismissal of tax-related tort claim under Federal Tort Claims Act on basis of sovereign immunity).

[2] *See* 26 U.S.C. § 7433(a) (providing that "[i]f in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States").

[3] *See* 26 U.S.C. § 7432(a) (providing that "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States").

which is a prerequisite to recovery of civil damages.  *See Vidurek v. Miller*, No. 13-cv-4476,

2014 WL 901462, at *4 (S.D.N.Y. Feb. 27, 2014); *see also* Declaration of Mary Ellan Krcha

(dkt. no. 65) at ¶ 5 (confirming Plaintiff's failure to exhaust administrative remedies).

Because Plaintiff has failed to meet his burden of demonstrating a waiver of sovereign

immunity, immunity principles operate to bar all claims against the United States.  Those claims

fail for lack of subject matter jurisdiction.

### 2.   Individual Federal Defendants – Official Capacities

Second, "[b]ecause an action against a federal agency or federal officers in their official

capacities is essentially a suit against the United States, such suits are . . . barred [also] unless

immunity is waived."  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.

1994); *see also* 28 U.S.C. § 2679(b)(1) (immunizing federal employees from tort claims arising

from actions undertaken in the course of official duties).  Immunity is not waived, as discussed

above, and therefore all claims against the individual Federal Defendants in their official

capacities also fail for lack of subject matter jurisdiction.

### 3.   Non-Federal Defendants

Third, Plaintiff asserts claims against the Non-Federal Defendants for their role in

causing DTCC to garnish Plaintiff's wages.  There is little question that the IRS is entitled by

statute to place a levy on a delinquent taxpayer's wages.  *See* 26 U.S.C. § 6332(a).  Doing so is

constitutional.  *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985) ("The

constitutionality of the levy procedure, of course, "'has long been settled'" (citation omitted)).

Where the IRS serves notice of a levy upon a third-party custodian like DTCC, the IRS

thereby takes constructive possession of the delinquent taxpayer's property.  *Soffer v. United

States*, No. 01-cv-945, 2002 U.S. Dist. LEXIS 9497, at *19-20 (S.D.N.Y. Mar. 20, 2002).  The

6

custodian must thereafter comply with the levy or incur liability.  26 U.S.C. § 6332(d)(1).

Notably, the custodian's "[c]ompliance with the obligation to honor the levy extinguishes

liability to the claimant of the property."  *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d

Cir. 1985) (citing 26 U.S.C. § 6332(d)).

      This is precisely what transpired here, as is clear from the face of the complaint.  The

Non-Federal Defendants and DTCC garnished Plaintiff's wages as they were required to do,

upon receiving a "Notice of Levy" from the IRS.  *See* Compl. ¶¶ 62, 74-78.  Aside from that, the

complaint alleges no act by the Non-Federal Defendants that could make them liable to Plaintiff

on any of the claims asserted.  Instead, their compliance with the levy extinguishes any liability,

thereby making them statutorily immune from suit.  *Schiff*, 780 F.2d at 212.  This immunity, in

turn, strips the Court of subject matter jurisdiction for all claims against the Non-Federal

Defendants.

      The Court dismisses with prejudice all claims against the United States of America, the

individual Federal Defendants in their official capacities, and the Non-Federal Defendants, for

lack of subject matter jurisdiction.

      **B.  Failure to State a Claim**

      Defendants also argue that the complaint fails to state a claim upon which relief can be

granted.  This second basis for dismissal is not academic, as Plaintiff purports to sue the

individual Federal Defendants in their individual capacities as well, where they are entitled to

qualified immunity at most.  The Court finds it unnecessary to reach the individual Federal

Defendants' qualified immunity arguments.  The complaint fails to state any viable claim against

any defendant.

### 1. Criminal Statutes

First, Plaintiff seeks relief pursuant to a number of criminal statutes. Compl. ¶¶ 25, 46, 58-59, 71, 81, 87(vii).[4] It is basic, however, that individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." *Wright v. Waterside Plaza LLC*, No. 07-cv-9303, 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)). That remains true here. Confirming as much, none of the statutes cited in the complaint expressly or impliedly provide a private right of action. Plaintiff does not argue otherwise. As such, all claims made pursuant to state or federal criminal statutes are dismissed with prejudice.

### 2. Constitutional Tort Claims

Second, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. *See, e.g.*, Compl. ¶¶ 25, 46, 59, 71, 81. Section 1983 permits civil recovery for constitutional violations occurring under color of state law. But "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1994). That is settled, and accordingly, any Section 1983 claims against the individual Federal Defendants fail. Likewise, because the Non-Federal Defendants concededly were operating as mere custodian representatives, and not under color of state law, there is no viable Section 1983 claim against them. *Graseck v. Mauceri*, 582 F.2d 203, 207 (2d Cir. 1978). All claims made pursuant to Section 1983 are dismissed with prejudice.[5]

---

[4] *See, e.g.*, N.Y. Penal Law § 170.15 (forgery); N.Y. Penal Law § 175.25 (tampering with public records); 18 U.S.C. § 242 (deprivation of rights under color of state law); 18 U.S.C. § 1584 (sale into involuntary servitude).

[5] Plaintiff also has no cognizable claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because a tax-based grievance of this sort does not support a *Bivens* action. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (noting that a *Bivens* action is an extraordinary remedy that has not been extended beyond the employment discrimination and Eighth Amendment contexts); *Hudson Valley Black Press v. IRS*, 409 F.3d 106, 113 (2d Cir. 2005) ("every circuit that has considered the appropriateness of a *Bivens* remedy in

8

### 3.   Section 1985 and 1986 Claims

Third, Plaintiff seeks relief under 42 U.S.C. §§ 1985 and 1986.  A Section 1985 claim requires some "racial, or perhaps class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Putting aside the sweeping legal conclusions drawn in the complaint, there are no well-pleaded, factual allegations suggesting that any defendant has demonstrated racial, class-based, or other "invidiously discriminatory animus" that might support a Section 1985 claim.  *Griffin*, 403 U.S. at 102.  All claims under that section therefore fail.  And, because a Section 1986 claim is "contingent on a valid § 1985 claim," all claims under that section fail in turn.  *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).  All Section 1985 and 1986 claims are dismissed with prejudice.

### 4.   Trespass on the Case and Other Claims

Fourth, Plaintiff asserts "trespass on the case" claims, some of which appear to be directed primarily at the Non-Federal Defendants.  *See* Compl. ¶¶ 48-82.  Trespass on the case is an old common law cause of action, the purpose of which was "to supply a remedy where the other forms of [trespass] actions were not applicable."  *Socony-Vacuum Oil Co. v. Baily*, 202 Misc. 364, 365-66 (N.Y. Sup. Ct. Cattaraugus Cnty. 1952).  The operation of this concept here is strained at best, but according the complaint all due leniency, a viable trespass on the case claim would require damage suffered that was "consequential or indirect and not the direct result of" a physical trespass or other wrongful or negligent physical act.  *See id.*  The complaint contains no facts suggesting there have been wrongful or negligent physical acts, much less cognizable injury resulting therefrom, which forecloses this outdated mode of recovery.  All claims sounding in

the taxation context has uniformly declined to permit one").

trespass on the case fail and are dismissed with prejudice.

Finally, to the extent that the complaint purports to assert additional claims not discussed above—whether primary claims, or secondary claims (e.g., vicarious liability)—the Court finds the pleading to be both inadequate to survive Rule 12(b)(6) and legally frivolous.  "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes" do not comport with basic pleading requirements and must be dismissed.  *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *accord Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) ("the complaint contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension").

This is, at bottom, a tax protestor suit filed by someone who believes the United States government has no authority to levy income taxes upon him.  At a macro level, Plaintiff's position is circular and illogical.  He commenced this action seeking relief at law, but he has since posited in papers and orally that the Court, Congress, and the Executive Branch have no authority over him, and that by proceeding to adjudicate the claims asserted, the Court is acting *ultra vires*.  When it comes to the heart of Plaintiff's grievance—tax assessment and collection— his "no pay" position is, perhaps, more logical, but is entirely aspirational.  It has no grounding in positive legal authority, but rather, is wholly undercut by the most basic constitutional and civic principles upon which this country was founded.  In any event, what is clear in the present posture is that lofty statements and rhetoric from a delinquent taxpayer do not make out a well-pleaded legal action.  Any and all remaining claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss the complaint are GRANTED, and all claims asserted against all Defendants are dismissed with prejudice.  The

10

Clerk of Court is respectfully requested to terminate the action.


Dated: December 4, 2014                           SO ORDERED:
        White Plains, New York

                                                  _____
                                                  NELSON S. ROMÁN
                                                  United States District Judge




11