UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARL A. SCHEUERING

         Plaintiff,        14-cv-00932 (NSR)

 -against-             MEMORANDUM
                     AND ORDER

UNITED STATES OF AMERICA,
HENRY SLAUGHTER, JIM GRIMES,
MAUREEN GREEN, MAUREEN A. JUDGE,
BILL R. BANOWSKY, VANESSA FLEMING,
GERARD BOUCHER, ESTHER GONZALEZ,
REBECCA DETORO, and LAYNE CARVER,

         Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

   Carl A. Scheuering ("Plaintiff") commenced this action in New York State Supreme Court, County of Orange, in January 2014. The action was removed to this Court on February 13, 2014. Plaintiff filed an amended complaint on March 19, 2014 against the United States of America, Henry Slaughter, Jim Grimes, Maureen Green, Maureen A. Judge, Bill R. Banowsky, Vanessa Fleming, Gerard Boucher, Esther Gonzalez, Rebecca Detoro, and Layne Carver (collectively, the "Defendants"). (*See* ECF No. 15.) On December 4, 2014, this Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff's complaint was dismissed with prejudice in its entirety. (*See* ECF No. 86.)

   Plaintiff now files an "Order" for summary judgment in his favor. The Court construes this filing as a motion for reconsideration of the order of dismissal. For the following reasons, Plaintiff's motion is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2015

Copies mailed/faxed 6/24/2015

Chambers of Nelson S. Román, U.S.D.J.

I.      **LEGAL STANDARD**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard for granting a reconsideration motion is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). These motions are "addressed to the sound discretion of the district court...." *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991). Reconsideration is appropriate when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). Parties should not regard such a motion as an opportunity to "tak[e] a 'second bite at the apple….'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly . . . ." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted). The motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012) (internal citation omitted); *accord Analytical Surveys*, 684 F.3d at 52.

II.     **ANALYSIS**

Plaintiff's motion presents nothing new for the Court to consider. Instead, Plaintiff recycles the same legal arguments contained in his complaint, to wit, a challenge to the Internal Revenue Service's ("IRS") authority to levy income taxes against Plaintiff. In fact, Plaintiff acknowledges that he is simply rearticulating the arguments from his prior filings. He writes: "Plaintiff

provided four arguments in ANSWER," and then proceeds to reproduce said arguments. (Pl.'s Mot. Recons. at 3.) Plaintiff neither points to any controlling decisions or data overlooked by this Court that support his claims, *In re Optimal U.S. Litig.*, 886 F. Supp. 2d at 311-12, nor demonstrates that any clear error is present or that any manifest injustice will result from the judgment, *Doe*, 709 F.2d at 789.

All of Plaintiff's claims are predicated on the incorrect notions that the Internal Revenue Code (the "IRC") is not valid law according to 26 U.S.C. § 7806(b), and that the IRS is not a government agency according to *Diversified Metal Products, Inc. v. T-Bow Co. Trust*, No. CV 93-0405-E-BLW, 1996 WL 628174 (D. Idaho July 18, 1996) *on reconsideration* (Aug. 14, 1996). Plaintiff misinterprets § 7806(b), which states in relevant part:

> No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect.

Contrary to Plaintiff's contention, § 7806(b) has not been interpreted to mean the IRC is not valid law. Rather, this section dictates that courts should not give weight to the order or contents of section titles when interpreting the IRC. *See*, *e.g.*, *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 222 (1996) (stating "the Government disclaims any reliance" on the IRC's captions).

Plaintiff also misinterprets *Diversified Metal Products*, which maintains only that "the Internal Revenue Service has no capacity to sue or be sued." 1996 WL 628174 at *3 n.3.  It does not, as Plaintiff contends, stand for the proposition that the IRS is not a government agency. "[T]he IRS is a governmental agency and not a private corporation," as Plaintiff contends. *United States v. O'Connor*, No. 07-CR-86, 2008 WL 1902464, at *3 (W.D.N.Y. Apr. 28, 2008) (citing *Young v. I.R.S.*, 596 F. Supp. 141, 147 (N.D. Ind. 1984)).

In sum, Plaintiff has raised no new issues for the Court's consideration that might reasonably be expected to alter its prior opinion. The arguments advanced by Plaintiff are flatly contradicted by applicable law. Accordingly, the Court declines to vacate its prior order of dismissal.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully requested to terminate the motion at Docket No. 93.

Dated: June 24, 2015
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge